Please remain seated. The United States Court of Appeals for the Ninth Circuit is now in session, upon a commission of Peter L. Shaw presiding. Good afternoon. This is the case of United States v. Glenn Steven Scott, No. 16-30155. This is a hearing concerning Mr. Scott's request that the Court exercise its discretion to allow him to represent himself in this appeal. The hearing is being conducted by video conference call. I am presiding in San Francisco at the Ninth Circuit Headquarters, and Mr. Scott is appearing from Big Springs, Texas. Also, I'd like to take the appearance of counsel for Mr. Scott. Yes, Your Honor. This is Nick Barroco, appearing by telephone. We have received a notice from the Assistant United States Attorney, Mr. Johnson, who says that the government takes no position on the request for self-representation, and the government has chosen not to appear at the hearing today. All right. So, Mr. Scott, I'm going to be asking you some questions today, so I'm going to ask my courtroom deputy to administer the oaths so that your answers will be under penalty of perjury. Please raise your right hand. Do you solemnly affirm that the statements you're about to make in the case now before this Court will be the truth, the whole truth, and nothing but the truth, and this you do under the pains and penalties of perjury? I do. Please state your full name for the record. Glenn Steven Scott. All right. Mr. Scott, the proceedings today are being recorded, so in the event that we need a record, that will be available via the recording. And do you have any physical or mental impairments that would prevent you from participating fully and knowingly in the proceedings today? No, Your Honor, I do not. Are you under the influence of any drug? No, Your Honor, I am not. All right. Are you able to hear me and to respond freely? Yes, Your Honor, I am. Good. So in response to your request to represent yourself in this appeal, the Court has authorized me to conduct this hearing to make sure that you understand the dangers and disadvantages of self-representation on appeal and that your request is knowing, intelligent, and unequivocal. Do you understand that? Yes, Your Honor, I do. You have the right to counsel on this appeal. If you cannot afford to retain counsel, you are entitled to have counsel appointed to represent you at government expense. The Court also has discretion to allow you to represent yourself if your request is knowing, intelligent, and unequivocal and is not intended to delay the proceedings on appeal. And I just wanted to clarify so that you understand that there is no constitutional right to self-representation on appeal. There is such a right in the district court at trial, but in 2000, the United States Supreme Court held that that constitutional right does not extend to appeals. So in determining whether the Court of Appeals will exercise its discretion to allow you to represent yourself, the Court will first inform you of the dangers and disadvantages of self-representation on appeal. Second, inquire whether the issues on appeal are so complex that the assistance of counsel would aid the Court in deciding the case. And third, inquire whether granting self-representation could unduly burden the Court or undermine the integrity of the outcome. Do you understand that? Yes, Your Honor, I do. You also may withdraw your request to represent yourself, and in that event, you may retain counsel at your own expense, or I can appoint counsel to represent you on appeal. If the current counsel, Mr. Burke, is willing, I could appoint him to continue, or I could appoint a different counsel. The Court does not, however, permit the appointment of advisory or standby counsel on appeal, so you cannot simultaneously represent yourself and have the assistance of counsel. Do you understand that? Yes, Your Honor, I do. All right. So in order for me to do my job effectively, I'd like to begin by asking you to describe your education, job history, and any experience that might be relevant to the task of writing and drafting a brief. So let's begin with your education. Yes, Your Honor. I received a GED in 1974 prior to my service in the United States Marine Corps. I received an Associate of Science degree as a paralegal from Okaloosa-Walton Community College in Knightsville, Florida, and I believe the year of graduation was 1984. I also served a one-year internship with the law firm Simpson, Simpson & Campbell in Fort Walden Beach, Florida, which was a law firm that dealt with criminal as well as insurance law in the state of Florida. I've actually had one other case prior to this, before this Court. In 2014, I represented myself as a pro-see appellate before the 9th Circuit Court of Appeals on a COA and an appeal from a 2255 from the District Court in Montana. Right. That was this case where it ultimately led to the District Court re-entering judgment so that you could file a direct appeal, correct? That's correct, Your Honor. All right. So aside from your one-year internship, did you ever have employment as a paralegal? No, Your Honor, I have not. I worked for Lloyd's of London previously to my incarceration, and what I did was I inspected drilling rigs worldwide, and that, of course, required me to utilize the laws, the rules and regulations that are required, Coast Guard rules and regulations, drilling rules and regulations, the National Electoral Code, several different codes to write these rules and regulations, and to write reports necessary for Lloyd's to determine whether or not they issue policies of insurance for offshore drilling units. All right. So why is it, Mr. Scott, that you want to represent yourself when you are entitled to have a trained appellate attorney represent you at no cost? Your Honor, I've had four previous attorneys appointed by the District Court in Helena, Montana, and to be totally honest with the court, their performance was below what I would have expected from a bar-certified attorney representing an offendant in a criminal proceeding, Your Honor. I felt and still feel to this day that I had ineffective assistance as counsel. As noted in my written response to the order from this court that I submitted, you'll note on item number eight, I brought that up as well, the fact that my constitutional rights were violated by sentencing counsel's failure to consult with defendants concerning a timely direct appeal. And as we both are well aware, the Washington case with the Supreme Court clearly states unequivocally in the Strickland v. Washington that I do have a right to effective assistance of counsel, which thus far I don't feel that I have had, Your Honor. All right. Have you discussed this with your request for self-representation by Mr. Brooke? We've had one or two letters passed between us, but other than that, we've had no phone calls or anything of that nature, Your Honor, just a couple of written letters. I have a letter from him stating that he's been appointed to represent me, and I wrote him back and told him, of course, that I would prefer to represent myself as a plaintiff at all possible. He wrote back and said that he would do the necessary paperwork to withdraw. He sent me a copy of what he sent to the court showing that he was withdrawing or requesting to be withdrawn. And letters crossed whenever I had asked him if he had heard anything from the court, I think, approximately ten days or two weeks ago. And other than that, we've had no other conversations, Your Honor. All right. Mr. Brooke, do you have any position on – well, before I answer that question, have you analyzed this whole – the question of self-representation by Mr. Scott in this case? I believe I have. Although I have not spoken with Mr. Scott over the phone, I believe that his pleadings to this court where he lists his education and his intent to file certain pleadings, I believe that fulfills the elements of self-representation. Have you evaluated, Mr. Brooke, the potential issues that could be raised in this appeal? Your Honor, I have evaluated those issues. I'll admit that when Mr. Scott asked me to withdraw my representation, I ceased any further research, but I have reviewed the record in its entirety below. And I have also reviewed the Anders brief that this court struck from the record that was filed by Mr. Hoopstall. And based on that review, if you were appointed in this case, is it your sense that you would be compelled also to file an Anders brief, or have you identified at least one potentially meritorious issue? Your Honor, I believe that the main issue here that would cause me to file an Anders brief again would be the fact that an appeal waiver was part of the plea agreement. The court left some question as to whether or not that was still going to stand on appeal, or whether or not the United States could then breach it as part of the plea agreement. If Mr. Scott did proceed on appeal. So I believe, based on my understanding of the case now, without doing any other research, I would tend to file an Anders brief based on the appeal waiver. So it's your position that there is a clear appeal waiver in the plea agreement? Yes, Your Honor, and I believe that that plea was entered into knowingly and voluntarily. Okay. All right. Do you understand that the conversation that I just had with Mr. Brook in terms of the appeal waiver, Mr. Scott? Yes, Your Honor. Your Honor, although I would disagree with Mr. Brook that the waiver was not intended as a guilty plea itself, was induced by misrepresentation, which United States v. Geronimo, a 9th Circuit decision in 2005, states that a guilty plea cannot be induced by misrepresentation. All right. As this guilty plea was. I'm going to move on right now to apprise you of the dangers and disadvantages of self-representation, Mr. Scott. And Mr. Brook, I'm hoping that you will listen carefully, because at the end of this colloquy, I'm going to ask you whether there's anything further that you would add to my description that would perhaps give Mr. Scott an idea, a fuller idea of the dangers and disadvantages of self-representation on appeal. All right. All right. So, Mr. Scott, I know you've been through this process once already, but in that case, you are proceeding without the necessity for a self-representation determination, because it was a collateral attack pursuant to 2255. There's a different and more careful scrutiny in a direct appeal, which is what we have here. So I'm going to go through it, and some of this may be familiar to you, so I don't need to insult your intelligence, but I want to make sure we cover everything so you know exactly what's at stake. All right. So first, an appeal is different from a trial. The proceedings occur mainly through the written submissions called briefs, and those briefs have to comply with specific court rules. And if you represent yourself, you will be expected to comply with those rules, and your appeal could be dismissed if you do not comply. Do you understand? Yes, Your Honor. All right. On appeal, you must obtain and review the transcript of the trial proceedings and identify the potential legal errors committed during those proceedings. In this case, those were all those proceedings in court that led up to the plea. The issues on appeal are limited to addressing what occurred on the record in the district court. The Court of Appeals reviews only what occurred and will not consider new evidence. Identifying appropriate issues on the record requires legal knowledge and sophisticated analytic ability. If you fail to identify a legal issue, you may be barred from ever raising that issue again. Do you understand? Yes, Your Honor, I do. Okay, and it's in this area, Mr. Scott, that I am most concerned about the brief that you submitted, because the court can only consider what it sees on the record. It can't consider your assertion that your trial counsel told you something if that discussion is not on the record. If you don't have a transcript of that, we can't simply take your word for what occurred. So, for example, the court can't consider the allegation that your trial attorney misrepresented that your witnesses had left the state unless the record contains evidence that the attorney said that and that the witnesses were actually in the state. Yes, sir. So, that's one issue that you raised in your brief. But the answer to that will be the court will simply say, well, it's not on the record. We can't consider that. Now, there is a way for you to raise that kind of issue, and that's through a separate and subsequent motion under 28 U.S.C. Section 2255, in which you can go back and file an application for that relief in the district court and say, I want you to have an evidentiary hearing because I believe that everything I did that led up to my plea was based on misrepresentations by counsel. But before the court of appeals can consider that, you have to make a record of that, and that would require you to do a new 2255 proceeding in the district court. Yes, sir. Do you understand that? Yes, sir. That would apply to every issue that you've raised in your brief that relies on matter outside the record. Understood? Yes, sir. Actually, Judge Lovell himself stated on the record that according to the defendant, his counsel actually had witnesses that had left the state of Montana. I have found through a private investigator that my family heard those witnesses were living in the state of Montana at the time of the trial and had never been contacted. Okay, but that's not on the record. I have no opinion about that, and we can't consider that because that's not on the record. So our court can't consider that now. No matter what the reality is, no matter what the absolute truth of that is or not, unless it's in the record before us, we can't consider it. You have to go back and make a record. Even though Judge Lovell did say that, that is on the record. Of course we can consider what Judge Lovell said, but you're also relying on what a private investigator came up with as evidence that what he said was maybe incorrect, right? Yes, sir. We can't consider what that investigator said. We can consider what Judge Lovell said, so we're left with sort of an incomplete story here. Right. At least incomplete for you to prevail on your contention in your brief, right? I want to make sure you understand what I'm saying. Yes, sir. All right. So with respect to all the issues you raised, I just want to go over this again and make sure that you know that this court will consider only what's on the record and that you have to support every assertion of fact with a citation to the record. Yes, sir. Okay. So let me move on. You're required also to support any assertion of error with legal authority. That means you must be able to research and understand the provisions of the Constitution, federal statutes and rules, and cases from this court and others that have discussed the area of the law. This task requires familiarity with legal research techniques. I see you're familiar with that because you cited cases, so I think you understand that. But do you understand the concept that I just said? Yes, sir. There are also strategic determinations that come into play in the appeal. For example, here you identified a large number of issues, some of which may be strong and some may be weak. It takes judgment and experience to know how many issues to raise, how to stress. So attorneys will know that if you raise too many, you may undermine the strength of your strongest issue by hiding it among weaker ones. And there are a number of strategic determinations that come into play. You understand that? Yes, sir. It's often difficult just to understand the analytic components of the issues of appeal. But even if you master that task, it is extremely difficult to convey that understanding in writing persuasively to judges who have only a limited amount of time to read and study the briefs. Lawyers like Mr. Brooks spent years developing and perfecting and honing those skills of research and writing. But if you represent yourself, you have to try to accomplish the same thing with only the meager amount of training you've had in contrast to their training. And let me also emphasize that the task at the court of appeals is a different one than the one at trial. And I know that you've been dissatisfied with your trial attorneys, but there's a different set of skills that are, I don't know, in some ways more intellectual and more analytic at the appellate level than at the trial level, where there's a lot more practical skills that are rewarded. But do you understand all those concepts I just said? Yes, sir, I do. There are also additional difficulties you may encounter in representing yourself on appeal. Your access to legal materials may not be as extensive and free as a lawyer would have. You may or may not have some assistance in the facility where you reside. And if you are working with another inmate, there's no guarantee that that inmate will continue to provide you that assistance. Finally, it's more difficult for you to communicate with the court than it would be for a lawyer by telephone or the Internet. Do you understand all those obstacles? Yes, sir, I do. In addition to the written submissions, the court allows oral argument, typically of 10 to 20 minutes in some cases. The oral argument is an opportunity for the parties to ensure that the judges understand the arguments. It's also an opportunity for the judges to ask specific questions about the proper disposition of the appeal. Where a criminal defendant is represented by counsel, the court often schedules oral argument, not always, but often. Where a criminal defendant represents himself or herself, the court almost never allows oral argument, but relies only on the written submissions, the briefs. In fairness, the court often relies only on the written submissions, even in counsel cases. But the point is that by representing yourself, you diminish the possibility that the court will actually schedule oral argument. So it's a part of the process that you're likely to miss out on if you represent yourself. Do you understand that? Yes, Your Honor, I do. All right. If you are represented by counsel, counsel will prepare a brief. As Mr. Brook noted, if counsel finds nothing to argue, he would file a brief to that effect, in which case you would be permitted to file a brief. But if Mr. Brook, in further reviewing the case, concludes that there may be something to argue and files a brief on the merits, then you would not be able to file your own brief, but would only have to rely on his brief. All right. Do you understand all that? Yes, sir, I do, Your Honor. All right. So, as promised, Mr. Brook, I'm now turning it over to you to see if there's anything further that you wish to say to Mr. Scott, and maybe also informed by your review of the case and what you know about him, that might give him a better idea of the dangers and disadvantages of self-representation on appeal. Yes, Your Honor. Mr. Scott, I just want to briefly touch on one of the things that the appellate commissioner just mentioned, which is the nature of the record on appeal, and that the court is only really going to consider facts that can be found in the record below. It is my belief that the linchpin argument for your entire appeal, if you're going to be able to raise any of the arguments that you've identified in previous filings, that you are going to have to get past this appeal waiver process, and, of course, that means that you need to show that you did not enter into either the appeal waiver or the plea agreement knowingly, voluntarily, and intelligently. The record below currently shows scant evidence that Mr. Holden misrepresented any information to you. The colloquy of the court and Mr. Holden's affidavit are the two pieces of information that I think are going to be difficult for you to fashion this argument for, and the reason I say that is because, again, the court is only going to be able to consider the court on appeal of Ninth Circuit, only be able to consider those two facts or those facts that have been actually established on the record below, namely, Jason Holden's representations to you that he described in his affidavit and the court's colloquy with you. If you cannot get past that appeal waiver argument, then I think that you're going to have a very difficult time raising any of the remaining seven or so that you have identified because that appeal waiver is considered a hard bar to your ability to argue on appeal, and you actually cited the case that holds that, say, United States v. Geronimo 398 F. 3rd 1149, does hold that an appeal waiver is a hard bar to any appeal if you did enter it knowingly, voluntarily, and intelligently, and so based on the appellate commissioner's description of the record on appeal, I think that that is a major consideration that you need to take under advisement when you're deciding whether to proceed with an attorney or whether to proceed at all with this appeal. I don't have anything further, Your Honor. Okay, thank you, Mr. Brook. Okay, Mr. Scott. So I think Mr. Brook has really focused in on the important component about this appeal, and that is, as I was stating to you, and as he believes, and I think probably is correct, that the issues that you are raising are most properly the subject of a 2255 application in the district court rather than this appeal because of the appeal waiver and the guilty plea. But let me let you see if you have any questions or reactions to what I've said. I've told you now the dangers and disadvantages of self-representation on appeal. You understand, I think, better than most people in your position kind of what's going on. You're not a newcomer to the law. You have some inkling of what's going on. So I guess my question to you now is, having heard all this, what your current thoughts are about self-representation, about this appeal, vis-à-vis a 2255, et cetera. Yes, Your Honor. Waivers made by the appellant not knowingly and voluntarily obtained are ambiguous. The court has ruled, Ninth Circuit Court of Appeals has ruled, that any ambiguity is held in favor of a defendant. And the rule of waiver, according to Ruiz v. Affinity Logistics in Ninth Circuit 2012, states that the rule of waiver is a discretionary one, according to the Ninth Circuit Court of Appeals. I would apply to the court that the waiver was ambiguous, Your Honor. Promises were made that were not kept, things that were told to the defendant in court. On the record, the court itself states that the plea agreement was a very simple one, in that Count 1 would be dropped and the defendant would plead guilty to Counts 2 and 3, which is exactly what took place. And there was no mention at that particular time from the judge about anything to do with any kind of waivers of any kind. During our first hearing, Your Honor, there were two sentencing hearings. And the first sentencing that we had, or guilty plea that we had, there was no mention of any waivers. And my attorney and I had spoke about waivers previous to us going into the courtroom. And then, oh, no, no, no, you don't have to worry about it, there's not going to be any. And then during the second set of hearings, all the waivers came out of the closet left and right, without any consideration prior to us walking into the courtroom that day, any consideration at least on my part. I do believe that the waivers were ambiguous, Your Honor. I believe that they were brought about, and even according to the court, what's actually on the record from the judge on the bench himself stating that the plea was a very simple one. They're doing ambiguity. As I understood it, as the court stated on the record, the plea deal was plea guilty, Count 1, or Count 1 would be gotten rid of and Counts 2 and 3 would be, and that was the plea deal. And it's stated that by the court. So there's some ambiguity there, Your Honor, but I believe that the Court of Appeals should have an opportunity to look at it. What about the other issues that I mentioned, such as the witnesses? The witnesses, yes, Your Honor, I understand where you're going with that. And that is an issue, and I was not aware until you brought it up, Your Honor, that I could not bring that up or raise that issue. However, I still think that it can be proven from the record itself that I did not have counsel that represented me properly. All right. So if I were to recommend that you represent yourself, would you ask for leave to file a new brief that cites to the record? Yes, Your Honor, I would. All right. And you have listened carefully to what I have told you about how important it is for you to support every assertion with a citation to the record, yes? And you have to make your argument, the argument you were just making, you have to cite to the record and say, here's why it's ambiguous. Look at page such and such of the transcript and look at this argument. Yes, Your Honor. I understand that. And I'm going to let you think more. If you are going to leave to represent yourself, I want you to think very carefully about which issues you want to keep in there on the basis of being supported by the record, knowing that you still have the opportunity at a later time to file a 2255 application. All right. Yes, Your Honor. So the way this is shaking down, as far as I'm concerned, is there's going to be one of two outcomes here. Either we're going to keep Mr. Brook on the case because he's familiar with it and he's going to end up filing an Anders brief, in which case you'll have an opportunity to file your brief. Or we're going to let you just represent yourself, we're going to relieve Mr. Brook, and you're going to file that brief anyway. So it looks to me like no matter what the outcome of the hearing is today, you'll have an opportunity to file the brief. And I hope that this hearing has been helpful to you in giving you some ideas about how to make that brief more focused and helpful to the court and to yourself. Very much so, Your Honor. Very much so. All right. Okay. Do you have any further questions, Mr. Scott, about this proceeding, about proceeding in the court? Your Honor, I at one time received a package back in 2014 from the circuit, from the court stating as an appealant doing a pro se brief, here's how you go about doing it. This package was in 2014. If there's no updates to the package, then I'll be in fine shape as far as proceeding with the rules, regulations, as the court, you know, the Federal Rules of Appellate Procedure. Otherwise, I would need a new package from the court to proceed. Well, we'll say if you're ready to represent yourself, we'll provide that. But essentially, one thing that has not changed is the notion that you can either file an informal brief, there's an informal brief form, but you already have shown the ability to file a brief that conforms substantially with the briefing rules in the brief that you already provided to the court. Yes, Your Honor. Well, in this case. So my general sense is that the court would prefer a formal brief rather than the informal form. Yes, sir. If you're able to do it, and it looks like you're able to do it, with the proviso that you conform to the notions that I set out earlier about making sure that you raise, the court in this case raised just one argument, for example, namely that the plea was bad for the following reasons, that the waiver is invalid and that this conviction should be reversed and remanded for further proceedings to, you know, vacate that plea. That's really, as Mr. Brook was saying, that's really all that's at stake here. Yes, sir. With the exception that you might also want to raise, if there were sentencing issues that you could raise, you might want to raise in case you were to fail on this point. But from what I gathered looking at the record, there was very little objection, if any, to the sentencing. Anyway, I'll leave that aside. All right. Mr. Brook, any further thoughts that you have, anything you'd like to say before we end this hearing? Nothing further, Your Honor. And thank you, Mr. Brook, very much. Your comments were extremely helpful. All right. Thank you, Your Honor. All right. So I'm going to mull over this for a bit, and then I'm going to prepare a reporting recommendation. Your Honor. If my reporting recommendation is to grant you leave to represent yourself, I'm going to send it on to a panel. If I conclude that my recommendation is to deny you leave to represent yourself, I'm going to send my reporting recommendation to you first and give you an opportunity to file objections. Thank you, Your Honor. And then I will send my report along with any objections that you see fit to file to the panel. Does that sound fair to you? Yes, sir. Thank you, sir. Okay. Anything further, Mr. Scott, before we end the hearing? No, Your Honor. I'd just like to thank Mr. Brook for his time and his effort and his information, and I'd like to thank the court as well for their consideration, Your Honor. All right. And before we end here, I don't know if the folks from Big Spring are there. I understand Kevin Cooper has been the counselor who's helped in assisting in this, and that Billy Schubert has been our IT contact there. And if you're on the line or know about this, I just wanted to express the court's appreciation for your efforts in organizing the hearing. And with that, this matter is submitted, and we will prepare a report on recommendation forthwith. Thank you very much, everybody. This court for discussion stands adjourned.
judges: Appellate Commissioner Shaw